UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY COWEN,                    ) 1:13CV1949
                                  )
            Petitioner            )
                                  )
      v.                          ) JUDGE JACK ZOUHARY
                                  ) (Mag. Judge Kenneth S. Mchargh)
                                  )
ERNIE MOORE,                      )
            Warden,               )
                                  )
      Respondent                  ) REPORT AND
                                  ) <u>RECOMMENDATION</u>


McHARGH, MAG. JUDGE

The petitioner Jeffrey Cowen ("Cowen") has filed this petition pro se for a writ of habeas corpus, arising out of his 2011 convictions for rape, gross sexual imposition, and kidnapping, in the Cuyahoga County (Ohio) Court of Common Pleas.  In his 63-page petition, Cowen raises ten grounds for relief:

> 1.  The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution which provide rights to confrontation and cross-examination, and when it did not permit any evidence or any defense witness to testify about inconsistent statements that the alleged victim had made.

> 2.  The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution which provide rights to confrontation and cross-examination, and when it did not permit the defense witness to challenge the quality of the police investigation.

3.  The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution when it refused to allow defense counsel to approach the sidebar even though there was witness misconduct and a violation of the separation of witnesses order by the court.

4.  The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, when it failed to declare a mistrial after the social worker intentionally and in direct violation of the court's order blurted out an inadmissible and highly prejudicial statement.

5.  The trial court denied Petitioner of his right to due process and a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Ohio Constitution when it limited the time for closing arguments to the parties to only thirty minutes when Petitioner was facing life imprisonment.

6.  The trial court denied Petitioner of his right to due process and a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Ohio Constitutions by disparaging defense counsel in front of the jury.

7.  Petitioner was denied a fair trial by Dr. Feingold's improper comments while testifying.

8.  Petitioner was denied effective assistance of counsel as guaranteed by Section l0, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution when defense counsel failed to object to the prosecutor's questions and Dr. Feingold's opinion about whether there was sexual abuse.

9.  The State failed to present sufficient evidence to sustain a conviction against petitioner.

10.  The State failed to present sufficient evidence to sustain a conviction against petitioner.

(Doc. 1, petition.)  The respondent has filed a Return of Writ (doc. 12), and, after several extensions of time, Cowen filed a Traverse (doc. 18).

2

## I.  PROCEDURAL BACKGROUND

The court of appeals set forth the following procedural background:

Cowen was indicted in a multi-count indictment for rape, gross sexual imposition, and kidnapping a victim less than 13 years old. Counts 1–5 charged rape in violation of R.C. 2907.02(A)(1)(b); Counts 6–10 charged gross sexual imposition in violation of R.C. 2907.05(A)(4); and Counts 11–15 charged kidnapping in violation of R.C. 2905.01(A)(4), with sexual motivation specifications.

At the conclusion of the State's case at trial, the trial court dismissed Counts 1, 4, 5, 6, 9, 10, 11, 14, and 15 upon the State's motion to dismiss. The jury subsequently found Cowen guilty of two counts of rape, with a further finding that he compelled the victim to submit by force or threat of force; two counts of gross sexual imposition; and two counts of kidnapping, without the sexual motivation specifications.

At sentencing, the court merged the kidnapping counts into the rape counts. The court sentenced Cowen to two concurrent terms of a minimum of 25 years to a maximum of life in prison on the rape convictions, and two concurrent terms of two years in prison on the gross sexual imposition convictions, to run concurrent to the sentences on the rape convictions. The court also classified Cowen as a Tier III sex offender under the Adam Walsh Act.

(Doc. 12, RX 12, at 1-2; State v. Cowen, No. 96969, 2012 WL 3525401, at *1 (Ohio

Ct. App. Aug. 16, 2012).)

Cowen appealed his conviction, presenting ten assignments of error:

1.  The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution which provide rights to Confrontation and Cross-examination, and when it did not permit any evidence or any defense witness to testify about inconsistent statements that the alleged victim had made.

2. The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution which provide rights to confrontation and

cross-examination, and when it did not permit the defense witness to challenge the quality of the police investigation.

3. The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution when it refused to allow defense counsel to approach the sidebar even though there was witness misconduct and a violation of the separation of witnesses by order of the court.

4. The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution when it failed to declare a mistrial after the social worker intentionally and in direct violation of the court's order blurted out an inadmissible and highly prejudicial statement.

5. The trial court denied Appellant of his right to due process and a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Ohio Constitution when it limited the time for closing arguments to the parties to only thirty minutes when appellant was facing life imprisonment.

6. The trial court denied Appellant of his right to due process and a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Ohio Constitution by disparaging defense counsel in front of the jury.

7. Appellant was denied a fair trial by Dr. Feingold's improper comments while testifying.

8. Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution when defense counsel, failed to object to the prosecutor's questions and Dr. Feingold's opinion about whether there was sexual abuse.

9. The State failed to present sufficient evidence to sustain a conviction against Appellant.

10. Appellant's convictions are against the manifest weight of the evidence.

(Doc. 12, RX 10.)  The court of appeals affirmed Rice's conviction on Aug. 16, 2012.

(Doc. 12, RX 12; Cowen, 2012 WL 3525401.)

Cowen filed a timely appeal to the Supreme Court of Ohio, raising the

following four propositions of law:

> 1. When the only basis for an expert's diagnosis that a child was
> sexually abused is the child's own statements to the expert, then the
> expert's diagnosis is inadmissible as it is tantamount to an opinion on
> the child's veracity.

> 2&3. Crim. R. 16 does not require the defense to furnish the State of
> Ohio with prior inconsistent statements of State witnesses during
> pretrial discovery.

> When a witness in cross-examination cannot remember having made
> any statement to a particularly identified individual, the requirements
> of Evid.R. 612 have been met and the cross-examining party may
> introduce extrinsic evidence of prior inconsistent statements made by
> the witness to the previously-identified individual.

> 4. Counsel is ineffective when counsel fails to timely furnish discovery,
> adequately lay a foundation for impeachment with an inconsistent
> statement, or fails to object to improper expert testimony.

(Doc. 12, RX 14.)  On Jan. 23, 2013, the state high court denied leave to appeal.

(Doc. 12, RX 15; State v. Cowen, 134 Ohio St.3d 1420, 981 N.E.2d 885 (Ohio 2013).)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied -- the state-court adjudication resulted in a
> decision that (1) "was contrary to ... clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2)
> "involved an unreasonable application of ... clearly established Federal
> law, as determined by the Supreme Court of the United States."
> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Cowen has filed his petition pro se.  The pleadings of a petition drafted by a

pro se litigant are held to less stringent standards than formal pleadings drafted by

6

lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th

Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519

(1972) (per curiam)).  Other than that, no special treatment is afforded litigants

who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993)

(strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th

Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).


## III.  PROCEDURAL DEFAULT

The respondent contends that the first through sixth, and ninth and tenth

grounds of the petition have been procedurally defaulted.  (Doc. 12, at 14-15.)

A habeas claim may be procedurally defaulted in two distinct ways.  First, by

failing to comply with state procedural rules.  Williams v. Anderson, 460 F.3d 789,

806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)).

Second, by failing to raise a claim in state court, and to pursue the claim through

the state's ordinary review process.  Williams, 460 F.3d at 806 (citing O'Sullivan v.

Boerckel, 526 U.S. 838, 848 (1999)).

A habeas petitioner cannot obtain relief unless he has completely exhausted

his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);

Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244

F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the

exhaustion requirement, a habeas petitioner "must give the state courts one full

7

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).  Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

Res judicata would bar Cowen from litigating any issues which could have been raised on direct appeal, but were not.  State v. Perry, 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 108 (1967).  The Supreme Court of Ohio will not consider a constitutional question which was not properly raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769; City of Wooster v. Graines, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).

As the respondent points out, Cowen failed to raise the second, third, fourth, fifth, sixth, ninth and tenth grounds before the Supreme Court of Ohio.  (Doc. 12, at 14; see generally doc. 12, RX 14.)  Thus, Cowen has failed to properly exhaust those claims by giving the state high court a full and fair opportunity to rule on his

constitutional claims.  Rust, 17 F.3d at 160,  (citing Manning, 912 F.2d at 881).

Cowen cannot return to state court to exhaust the claims because the Ohio Supreme

Court has ruled that arguments that could have been raised in an initial appeal

(and were not) will be barred from consideration on appeal following remand, under

the doctrine of res judicata.  State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d

948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997),

cert. denied, 523 U.S. 1108 (1998).

"If, at the time of the federal habeas petition, state law no longer allows the

petitioner to raise the claim, the claim is procedurally defaulted."  Williams, 460

F.3d at 806 (citing Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982)).  Where state court

remedies are no  longer available to the petitioner, procedural default and not

exhaustion bars habeas review.  Id.  Where the petitioner fails to demonstrate cause

and prejudice to excuse the default, the claim is barred.  Id. at 807.  Cowen does not

demonstrate cause[1] for his failure to raise the claim(s) before the Supreme Court of

Ohio, see generally doc. 18, thus the second, third, fourth, fifth, sixth, ninth and

tenth grounds are barred as procedurally defaulted.

### A.  First Ground

As to the first ground, Cowen frames it in his habeas petition as:

---

[1]  A constitutional claim of ineffective assistance of counsel would not be
available to excuse Cowen's procedural default, because there is no right to counsel
after the first level of direct appellate review.  *Coleman v. Thompson*, 501 U.S. 722,
756-757 (1991) (citing *Ross v. Moffitt*, 417 U.S. 600, 616 (1974), and *Pennsylvania v.
Finley*, 481 U.S. 551, 556 (1987)).

> The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution which provide rights to confrontation and cross-examination, and when it did not permit any evidence or any defense witness to testify about inconsistent statements that the alleged victim had made.

(Doc. 1.)  As presented on direct appeal, Cowen alleged that his right to confront his accuser was violated, in that "when a witness [here, the child victim] has made contradictory statements, Appellant has a right to cross-examine and bring those out."  (Doc. 12, RX 10, at 12.)  Cowen stated that the seven-year-old victim testified at one point on direct examination that he "forgot" what happened to him, and then that he did not want to talk about it.  (Doc. 12, RX 10, at 12.)  Specifically, Cowen argued his rights were violated when he was prevented from asking the victim's grandmother about a telephone conversation that she had with the victim, in which the victim allegedly denied that the events occurred.  (Doc. 12, RX 10, at 14-15.)

The respondent argues that Cowen did not present the first ground to the state high court "as a claimed violation of the confrontation clause or right to present a defense," hence these claims were abandoned.  (Doc. 12, at 14.)

On appeal to the Supreme Court of Ohio, Cowen raised the issue of the conversation with the grandmother in a different manner than he did in the court of appeals.  The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998); see

also Brandon v. Stone, No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15, 2007) (citing Williams v. Bagley, 380 F.3d 932, 969 (6th Cir. 2004)).

Cowen raised a joint second-and-third proposition(s) of law before the Supreme Court of Ohio.  (Doc. 12, RX 14, at 5.)  The second proposition of law claimed that Ohio Criminal Rule 16 does not require the defense to furnish the state with prior inconsistent statements of state witnesses during pretrial discovery.  (Doc. 12, RX 14, at 5.)  In his second proposition of law, Cowen did not raise a Confrontation Clause violation.  Insofar as he claimed a due process violation in the court's evidentiary ruling which was based, in part, on a failure to disclose in the pretrial discovery process, that claim was not raised below, and the state high court would not consider it.[2]

In addition, as mentioned above, the Supreme Court of Ohio will not consider a constitutional question which was not raised and argued in the lower courts.  Leroy, 757 F.2d at 99; Adams, 484 F.Supp.2d at 769; Graines, 52 Ohio St.3d at 185, 556 N.E.2d at 1168; Phillips, 27 Ohio St.2d at 302, 272 N.E.2d at 352.  Cowen can

---

[2]  In addition, the Sixth Circuit has pointed out that although there is a constitutional right to present a defense, the right is not absolute, and defendants "must comply with established rules of procedure and evidence." *Baze v. Parker*, 371 F.3d 310, 323 (6th Cir. 2004), *cert. denied,* 544 U.S. 931 (2005).  The Supreme Court has pointed out that the Due Process Clause has "limited operation" beyond those guarantees explicit in the Bill of Rights, and therefore the Court has defined violations that violate "fundamental fairness" very narrowly.  *Dowling v. United States*, 493 U.S. 342, 352 (1990).

no longer raise this claim in state court, as it would be barred on the basis of res judicata.  Leroy, 757 F.2d at 99.

Cowen cannot return to state court to exhaust this claim because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata.  Hutton, 100 Ohio St.3d at 182, 797 N.E.2d at 956; Gillard, 78 Ohio St.3d at 549, 679 N.E.2d 276.  State law no longer would permit Cowen to raise this particular claim, hence it is defaulted.  See Williams, 460 F.3d at 806; Adams, 484 F.Supp.2d at 769.

The third proposition of law raised before the state supreme court involved an argument that the trial court mistakenly resolved an evidentiary issue concerning Rule 612[3] of the Ohio Rules of Evidence.  (Doc. 12, RX 14, at 6.)  The court finds that Cowen's invocation of his "rights to confrontation and cross-examination" (doc. 12, RX 14, at 5-6), presented a constitutional question before the state court.  The court will consider that question on the merits below, insofar as whether the state court's decision that "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  Williams, 529 U.S. at 412-413.

---

[3] Rule 612 concerns writings used to refresh memory.  Presumably, Cowen intended to invoke Rule 613, concerning prior inconsistent statements.

12

## B.  Stay and Abeyance

Cowen did not file a motion for a stay-and-abeyance, but in his Traverse argues that his petition is a "mixed" petition, and the court should grant an order of stay and abeyance,

> . . . for purpose of returning to the Supreme Court of Ohio, for filing a delayed Motion or application for reconsideration of the original assignments of error be presented under a question of whether, petitioner can be faulted for the lack of zealous advocacy by a state public defender on discretionary review appeal . . .

(Doc. 18, at 7, 10-11.)

A "mixed" petition contains both unexhausted and exhausted claims.  Pliler v. Ford, 542 U.S. 225, 227 (2004).  Where a district court is confronted with a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four options:

> (1) dismiss the mixed petition in its entirety, [Rhines v. Weber, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, id. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). See Rockwell v. Yukins, 217 F.3d 421, 425 (6th Cir. 2000).

Harris v. Lafler, 553 F.3d 1028, 1031-1032 (6th Cir. 2009); see also Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009).

The "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition

> could result in the loss of all of his claims – including those already
> exhausted – because the limitations period could expire during the
> time a petitioner returns to state court to exhaust his unexhausted
> claims.

Pliler, 542 U.S. at 230.

The Supreme Court in Rhines v. Weber held that district courts have discretion, in limited circumstances, to hold mixed petitions in abeyance, rather than dismissing them.  Wiedbrauk v. Lavigne, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006), cert. denied, 549 U.S. 961 (2006) (citing Rhines, 544 U.S. 269).  However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances."  Rhines, 544 U.S. at 277; Wiedbrauk, 2006 WL 1342309, at *5.  The procedure is appropriate only when the petitioner had good cause for a failure to exhaust.  Rhines, 544 U.S. at 277.

Here, Cowen's second, third, fourth, fifth, sixth, ninth and tenth grounds are barred as procedurally defaulted, because they were not raised before the state supreme court.  Although Cowen apparently contends that he received ineffective assistance of appellate counsel from the "state public defender on discretionary review appeal,"  as discussed earlier, there can be no constitutional claim of ineffective assistance for the failure to raise claims before the state supreme court. Coleman, 501 U.S. at 756-757.

14

Cowen's constitutional right to counsel is limited to his first appeal as of right.[4]  Lopez v. Wilson, 426 F.3d 339, 352 (6th Cir. 2005) (en banc), cert. denied, 547  U.S. 1099 (2006) (citing Ross v. Moffitt, 417 U.S. 600 (1974)).  The Supreme Court has "declined to extend the right to counsel beyond the first appeal of a criminal conviction." Coleman, 501 U.S. at 756.  Therefore, there can be no constitutional right to effective assistance of appellate counsel concerning a discretionary appeal to the state supreme court.  See generally Ross, 417 U.S. at 610.  Cowen has not shown good cause for his procedural default.

The motion (doc. 18, at 10-11) for stay and abeyance is denied.


C.  Confrontation Clause

The Confrontation Clause of the Sixth Amendment provides an accused with the right to confront the witnesses against him.  Crawford v. Washington, 541 U.S. 36, 42 (2004); Pointer v. Texas, 380 U.S. 400, 406 (1965).  A central purpose of the Confrontation Clause is to allow the defendant the opportunity to cross-examine the witnesses against him.  Vasquez v. Kirkland, 572 F.3d 1029, 1035-1036 (9th Cir. 2009), cert. denied, 558 U.S. 1126 (2010) (citing Davis v. Alaska, 415 U.S. 308, 315-316 (1974)); Drake v. Woods, 547 F.Supp.2d 253, 264 (S.D. N.Y. 2008).

_____

[4]  Cowen's appellate counsel did raise ten claims before the court of appeals, and the claims are not defaulted on that basis. *See generally* doc. 12, RX 10.

15

Cowen argues that his rights to confrontation and cross-examination were violated when the trial court did not permit evidence (taped and testimonial) concerning certain allegedly inconsistent statements that the victim had allegedly made to his grandmother.  See, e.g., doc. 12, RX 10, at 11, 12, 15; RX 14, at 5-6.

The Supreme Court "has never held that the Confrontation Clause entitles a criminal defendant to introduce extrinsic evidence for impeachment purposes." Nevada v. Jackson, 133 S.Ct. 1990, 1994 (2013) (citing Delaware v. Fensterer, 474 U.S. 15, 22 (1985) (per curiam), and other cases); see also Ross v. District Attorney of County of Allegheny, 672 F.3d 198, 207 (3d Cir. 2012) (citing cases).  The Confrontation Clause only guarantees the opportunity for cross-examination, and the right to confront one's accusers normally is satisfied if defense counsel receives wide latitude at trial to question witnesses.  Pennsylvania v. Ritchie, 480 U.S. 39, 53 (1987); see also Jackson, 133 S.Ct. at 1994; Ross, 672 F.3d at 207.

The state court of appeals ruled on these matters as follows:

> Early in trial, the court issued an order in limine prohibiting any evidence that Cowen allegedly molested J.C. in Florida before he, Cynthia Biefeldt, and J.C. moved to Ohio.  The court explained that its ruling was to ensure that the jury did not impute any prior bad acts to Cowen that had never been proven and were not the subject of the trial.

> On the fourth day of trial, defense counsel informed the court that J.C.'s grandmother, Tammy Biefeldt, had made tape recordings of several telephone conversations she had with J.C. after Cowen's arrest in which J.C. allegedly denied that Cowen had "ever" molested him. Defense counsel sought to introduce these tapes at trial but the trial court ruled that the tapes were inadmissible.  Later, during Tammy Biefeldt's testimony, the trial court sustained the State's objection to

any testimony regarding what J.C. told Tammy during the telephone calls.

In his first assignment of error, Cowen argues that the trial court's rulings violated his constitutional right to confront the witnesses against him.  We find no error.

The admission or exclusion of relevant evidence is within the trial court's discretion. State v. Sage, 31 Ohio St.3d 173, 510 N.E.2d 434 (1987), paragraph two of the syllabus.  We therefore review a trial court's decision regarding the admission of evidence under an abuse of discretion standard. Id.  A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. State v. Parker, 8th Dist. No. 93835, 2011–Ohio–1059, ¶ 60.

The trial court did not act unreasonably in excluding the tapes and any reference to the tapes.  First, defense counsel did not disclose the existence of the tapes in a timely manner as required by Crim.R. 16.  Further, as the trial court noted, the tapes appear to have been manufactured for trial by an interested party who tried to coach a seven-year-old child over the telephone.  And, as the trial court also noted, the tapes made no distinction between the alleged molestation in Florida and the alleged events in Ohio.  Admitting the tapes would therefore have negated the trial court's ruling that in order to protect Cowen from the improper admission of "other acts" evidence, no evidence regarding alleged events in Florida was to be admitted.

With respect to the trial court's exclusion of any testimony from Tammy regarding what J.C. told her on the phone, defense counsel stated that Tammy would testify that J.C. told her that Cowen had never molested him, contrary to J.C.'s testimony at trial.  Under Evid.R. 613(B), extrinsic evidence of a prior inconsistent statement of a witness is admissible if (1) the witness has been afforded a prior opportunity to explain or deny the statement; and (2) the subject matter of the statement is a fact that is of consequence to the determination of the action.  Here, defense counsel did not give J.C. an opportunity to explain or deny any statements he allegedly made to Tammy.  Specifically, defense counsel never asked J.C. if it were true that he had told his grandmother that Cowen never touched him.  Accordingly, defense counsel failed to lay the proper foundation for the admission of extrinsic evidence of a prior inconsistent statement of a witness and, therefore, the trial court properly excluded any testimony

17

from Tammy regarding what J.C. told her during his phone
conversations with her.

(Doc. 12, RX 12 , at [8]-[10]; Cowen, 2012 WL 3525401, at *3-*4.)

Cowen was able to cross-examine the child-victim at trial.  The Confrontation
Clause only "guarantees an opportunity for effective cross-examination, not
cross-examination that is effective in whatever way, and to whatever extent, the
defense might wish."  Fensterer, 474 U.S. at 20; see also Drake, 547 F.Supp.2d at
264 (same).  The Supreme Court has found that the Confrontation Clause does not
prevent a trial judge from imposing "reasonable limits" on cross-examination.
Vasquez, 572 F.3d at 1036 (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679
(1986)).  Thus, "trial judges retain wide latitude . . . to impose reasonable limits on
such cross-examination based on concerns about, among other things, harassment,
prejudice, confusion of the issues, the witness' safety, or interrogation that is
repetitive or only marginally relevant."  Van Arsdall, 475 U.S. at 679; see also
Washington v. Renico, 455 F.3d 722, 729 (6th Cir. 2006), cert. denied, 549 U.S. 1306
(2007); Drake, 547 F.Supp.2d at 264.  In addition, only rarely has the Supreme
Court held that the right to present a complete defense was violated by the
exclusion of defense evidence under a state rule of evidence.  Jackson, 133 S.Ct. at
1992.

The court of appeals found that the trial court did not abuse its discretion by
not admitting the tapes, or by limiting the scope of the grandmother's testimony.
This court finds no violation of the Confrontation Clause, or other federal

18

constitutional law, in the court's rulings.  See generally Van Arsdall, 475 U.S. at 679; Vasquez, 572 F.3d at 1036-1037; Washington, 455 F.3d at 729; United States v. Cody, 114 F.3d 772, 778 (8th Cir. 1997); Drake, 547 F.Supp.2d at 264-265.

Cowen has failed to establish that the state court's contested evidentiary rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the first ground.


## IV.  IMPROPER WITNESS TESTIMONY

The seventh ground of the petition is that Cowen was denied a fair trial "by Dr. Feingold's improper comments while testifying."  On direct appeal, Cowen argued that Dr. Feingold testified that his medical diagnosis after examination of the victim was "child sexual abuse."  Cowen contended that this testimony improperly bolstered the victim's veracity, in violation of State v. Boston, 46 Ohio St.3d 108, 545 N.E.2d 1220 (1989), and other state cases.  (Doc. 12, RX 10, at 23-25.)

The court of appeals ruled as follows:

In his seventh assignment of error, Cowen contends that he was denied his right to a fair trial because in response to the prosecutor's question regarding whether he reached a medical diagnosis after examining J.C., Dr. Feingold testified that his diagnosis was "child sexual abuse." Cowen contends that Dr. Feingold's testimony was, in actuality, opinion testimony that J.C. was telling the truth about what happened to him, in violation of the Ohio Supreme Court's directive in State v. Boston, 46 Ohio St.3d 108, 545 N.E.2d 1220 (1989).

19

In Boston, the Ohio Supreme Court determined that expert testimony on the ultimate issue of whether sexual abuse has occurred in a particular case is helpful to jurors and is therefore admissible pursuant to Evid.R. 702 and 704. State v. Gersin, 76 Ohio St.3d 491, 1996–Ohio–114, 668 N.E.2d 486 (1996).  Nevertheless, the Court directed that while an examining physician may provide his opinion as to whether he observed evidence of sexual abuse, he may not vouch for the veracity of the child victim. Boston at 108.

Here, despite Cowen's assertions otherwise, Dr. Feingold expressed no opinion as to J.C.'s veracity. Dr. Feingold's testimony related to his examination of J.C. and his medical diagnosis as a result of that examination and J.C.'s statements to him.  "That this diagnosis was based, in part, on statements made to him by the victim does not require the conclusion that the doctor is vouching for the veracity of the victim's testimony."  State v.. Johnson, 8th Dist. No. 80436, 2002–Ohio–7057, ¶ 47.  See also State v. Ferrell, 8th Dist. No. 92573, 2010–Ohio–1201, ¶ 65 (doctor's testimony regarding child victim's description of incidents of sexual abuse and diagnosis of sexual abuse was not expression of doctor's opinion as to victim's veracity).  The seventh assignment of error is therefore overruled.

(Doc. 12, RX 12, at [16]-[17]; Cowen, 2012 WL 3525401, at *7.)

The respondent contends that this ground is simply alleged error in a state court evidentiary ruling, which ordinarily cannot serve as the basis for habeas relief.  (Doc. 12, at 16-17.)

The "clearly established rule" is that alleged errors of state law, "especially rulings regarding the admission or exclusion of evidence," are not generally within the purview of a federal habeas court.  Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988).  See also Estelle v. McGuire, 502 U.S. 62, 68-70 (1991); Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir.), cert. denied, 540 U.S. 930 (2003).  This court must presume that the Ohio state courts correctly interpreted Ohio evidence law in their

evidentiary rulings.  Small v. Brigano, No. 04-3328, 2005 WL 1432898, at *5 (6th Cir. June 17, 2005).

Alleged state court errors of evidentiary rulings do not rise to the level of constitutional claims warranting habeas relief "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  Broom v. Mitchell, 441 F.3d 392, 406 (6th Cir. 2006), cert. denied, 549 U.S. 1255 (2007).  See also Bugh, 329 F.3d at 512; Farraj v. Wolfenbarger, No. 10-13627, 2014 WL 1091752, at *10 (E.D. Mich. Mar.  18, 2014). Courts have defined the category of errors that are fundamentally unfair very narrowly.  Bugh, 329 F.3d at 512.  Cowen has not made the case that his claim fits within this narrow category.

Cowen has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the seventh ground.


## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

The eighth ground of the petition alleges ineffective assistance of trial counsel, in that "defense counsel failed to object to the prosecutor's questions and Dr. Feingold's opinion about whether there was sexual abuse."  The court of appeals applied the two-part test set out in Strickland v. Washington, and overruled the

21

assignment of error: "Finding no error in the admission of Dr. Feingold's testimony, we likewise find no error in counsel's failure to object to his testimony." (Doc. 12, RX 12, at [17]-[18]; Cowen, 2012 WL 3525401, at *7.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012); Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted). See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has recently affirmed in several cases that this court must approach the state court's rulings in a highly deferential manner.  The Supreme Court stated in Harrington v. Richter that the "pivotal question" of whether the state court's application of Strickland standard was unreasonable is different from simply deciding whether counsel's performance fell below Strickland's standard.  Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 785 (2011).  The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Richter, 131 S.Ct. at 788.

The Court in Richter instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Richter, 131 S.Ct. at 786-787; see also Montgomery v. Bobby, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 2376 (2012) (quoting Richter).  The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so.  Id. at 786; see also Montgomery, 654 F.3d at 676.

Reviewing the state court's ruling in accordance with the guidance set forth by the U.S. Supreme Court in Richter, the court finds that Cowen has failed to demonstrate that the state court's application of Strickland  was unreasonable.  Cowen has failed to establish that the state court decision was contrary to, or

23

involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  The petition should not be granted on the basis of the eighth ground.


## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.  The second, third, fourth, fifth, sixth, ninth and tenth grounds of the petition have been procedurally defaulted.  As to the first, seventh and eighth grounds, Cowen has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

In addition, the purported motion (doc. 18, at 10-11) for stay and abeyance is DENIED.


## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:   Jan. 7, 2015              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's

24

order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).