IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Cowen,                                          Case No. 1:13 CV 1949

                          Petitioner,          <u>ORDER DENYING PETITION</u>

            -vs-                                        JUDGE JACK ZOUHARY

Erin Moore,

                          Respondent.

**INTRODUCTION**

A jury convicted Petitioner Jeffrey Cowen ("Cowen") of two counts each of rape, gross sexual imposition, and kidnaping (the latter two convictions later merged with the rape convictions).  He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  This Court referred his case to Magistrate Judge McHargh, whose Report & Recommendation ("R&R") recommends this Court deny the petition (Doc. 19 at 24).

Cowen timely objected (Doc. 20).  Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's conclusions *de novo*.  For the reasons that follow, this Court adopts the R&R (Doc. 19) and denies the Petition (Doc. 1).

**BACKGROUND**

The R&R accurately sets forth the factual and procedural background of this case, and this Court adopts that recitation (Doc. 19 at 1–5).  Briefly, on direct appeal Cowen raised ten assignments

of error (Doc. 12-1 at 57–58).  The Ohio court of appeals affirmed Cowen's convictions.  *See State v. Cowen*, 2012-Ohio-3682 (Ct. App. 2012).  Cowen then sought review in the Ohio Supreme Court, presenting four propositions of law (*see* Doc. 12-1 at 174).  The Ohio Supreme Court declined to accept jurisdiction over Cowen's case (*id*. at 208).  This Petition followed.

## STANDARD OF REVIEW

"In situations in which a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted." *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including presenting a federal claim in a petition for review before a state supreme court that exercises discretionary jurisdiction.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  *See also Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2004) ("When the Ohio Supreme Court dismissed the petition [for review], [petitioner] had fulfilled his obligation of invoking one complete round of the State's established appellate review process.") (internal quotation marks omitted).  A federal court may excuse such a procedural default only if the petitioner carries his burden of showing cause and prejudice, *see Reynolds v. Berry*, 146 F.3d 345, 348 (6th Cir. 1998), or if the petitioner demonstrates that a miscarriage of justice would occur if a federal court does not consider a federal claim on its merits, *see Murray v. Carrier*, 477 U.S. 478, 495–96 (1986).

This Court liberally construes Cowen's pro se pleadings.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

2

### DISCUSSION

**Cowen Procedurally Defaulted Seven of Ten Grounds for Relief**

The R&R recommends dismissing as procedurally defaulted seven of the Petition's ten grounds for relief, because the grounds were not fairly presented to the Ohio Supreme Court in Cowen's memorandum in support of jurisdiction.  The R&R recommends dismissing the remaining three grounds for relief because in passing on those grounds the Ohio courts did not reach a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

Cowen's Objection centers on the seven grounds for relief that the R&R found procedurally defaulted.  This Court overrules the Objection and adopts the R&R.  Cowen presented only four propositions of law in his memorandum in support of jurisdiction filed in the Ohio Supreme Court. None of these four propositions of law relate to the defaulted claims.  The seven claims were not fairly presented to a "complete round of the State's established appellate review process," *Clinckscale*, 375 F.3d at 438 (internal quotation marks omitted), and are now barred from further review in a state court, *see State v. D'Ambrosio*, 73 Ohio St. 3d 141, 143 (1995).

Cowen appears to argue cause-and-prejudice exist to excuse these defaults, arguing "[t]he State and officers of the state courts, or divisions licensed thereunder to practice law (i.e. State Public Defenders of Ohio) failed to provide petitioner the equal right and opportunity, to satisfy the exhaustion requirement" (Doc. 20 at 4) (internal quotation mark omitted).

However, "the Due Process Clause [does not] require[ Ohio] to provide [Cowen] with counsel on his discretionary appeal to the State Supreme Court." *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). He therefore lacks a Sixth Amendment claim based on the alleged errors of counsel appointed for

3

purposes of seeking Ohio Supreme Court review. *See Nichols v. United States*, 563 F.3d 240, 249–50 (6th Cir. 2009). Because he lacks an ineffective-assistance-of-counsel claim for counsel's representation in The Ohio Supreme Court, Cowen's failure to fairly present seven of ten grounds for relief are not errors attributed to counsel, and thus cannot serve as cause to excuse procedural default. *See id*.

Despite language in the Objection to the contrary, Cowen seems to accept this fact. He states that his "objection is not based on the right to counsel, but on the duties owed to a client [by a lawyer] involving a liberty interest and tort laws" (Doc. 20 at 4). He cites no case law excusing procedural default on these grounds.

Finally, Cowen has not shown (or attempted to show) that this Court's failure to consider the defaulted claims would result in a fundamental miscarriage of justice.

**Cowen's Preserved Claims Must be Rejected**

Cowen states that his "objection rests on the content of each assignment of error, that contains a federal constitutional claim being violated on the merits of Assignment of Errors 1, 2, 3, 4, 5, 6, 8, and 10" (*id*. at 1). He therefore identifies grounds for relief the R&R finds procedurally defaulted (*i.e.*, grounds 2–6 & 10), as well as grounds for relief the R&R concludes are subject to review under § 2254(d) (*i.e.*, grounds 1 & 8). But aside from this single reference to grounds 1 and 8, Cowen never again mentions either ground.

Regardless, this Court adopts the R&R's conclusion that the state courts did not reach a decision contrary to, or involving an unreasonable application of, clearly established federal law in determining: (1) evidence of inconsistent statements could not be admitted at trial to impeach a

4

witness; and (2) Cowen's right to effective assistance of trial counsel was not violated when counsel failed to object to certain expert testimony (*see* Doc. 19 at 15–19, 21–24).

### CONCLUSION

For the above reasons, this Court adopts the R&R, and denies the Petition (Doc. 1). Because Cowen has not made a substantial showing of the denial of a constitutional right, this Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2553(c).

IT IS SO ORDERED.

                                                   ___ s/ *Jack Zouhary* ___
                                                   JACK ZOUHARY
                                                   U. S. DISTRICT JUDGE

February 13, 2015